IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JOHN DOE,<br><br>  Plaintiff,<br><br>v.<br><br>EMORY UNIVERSITY,<br><br>  Defendant. | CIVIL ACTION FILE<br><br>No. 1:24-CV-02119-SCJ |

### ORDER

This matter appears before the Court on Plaintiff's Motion to Proceed Anonymously. Doc. No. [2].[1] For the following reasons, Plaintiff's Motion is **DENIED** and Plaintiff is **ORDERED** to file an amended complaint to reflect the requirements of the Federal Rules. See Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties . . . ."). The Court includes further instructions in the conclusion section *infra*.

---

[1] All citations are to the electronic docket unless otherwise noted, and all page numbers referenced are those imprinted by the Court's docketing software.

**I.     BACKGROUND**

Plaintiff filed the instant motion with his complaint and a motion for preliminary injunction on May 14, 2024. Doc. Nos. [1]; [2]; [3]. He alleges that Defendant, Emory University, breached its contract with him as a student in the disciplinary proceedings against him, which resulted in his suspension. Doc. No. [1], ¶ 4. The disciplinary proceedings arose from Plaintiff's development of an "artificial intelligence-based learning tool," with another student ("Emory Student 1"), which the University's Honor Council eventually concluded "was offensive to Emory's community standards" as it might result in academic dishonesty and cheating. Id. ¶¶ 2–3.

Plaintiff seeks to proceed anonymously in this litigation, as well as to keep the identity of Emory Student 1 anonymous. Doc. No. [2]. Given the upcoming hearing on Plaintiff's motion for a preliminary injunction (Doc. No. [12]), the Court now addresses Plaintiff's motion to ensure the Parties' names are correct early in the litigation and avoid confusion in future case filings.

**II.    LEGAL STANDARD**

Generally, all pleadings filed in federal court must "name all the parties[.]" Fed. R. Civ. P. 10(a); see also Plaintiff B v. Francis, 631 F.3d 1310, 1315 (11th Cir.

2011) (discussing the "public's legitimate interest in knowing all of the facts involved, including the identities of the parties" (quoting Doe v. Frank, 951 F.2d 320, 322 (11th Cir. 1992)) and a defendant's "right to know who [the] accusers are"). "Nonetheless, the rule is not absolute." Id. If the party seeking to proceed anonymously has a privacy interest that overrides the "presumption of openness in judicial proceedings," then the Court can grant the party permission to proceed under a fictitious name. Id. at 1315–16 (quoting Frank, 951 F.2d at 323). The Eleventh Circuit has approved of parties proceeding anonymously when cases involve governmental activity, the disclosure of information of "utmost intimacy," or would require admitting to illegal conduct and risk of criminal prosecution. Id. at 1316.

### III.   ANALYSIS

Plaintiff argues he should be allowed to proceed anonymously in this case because his privacy interest outweighs the need for public disclosure of his identity. Doc. No. [2], 4. He emphasizes the seriousness of the accusations Defendant made against him and that his reputation would be injured if these accusations became public, even if he ultimately disproves them in the course of litigation. Id. He also suggests that the evidence in this case will include personal

3

information, such as his academic transcripts, and that the public knowledge of his identity in this lawsuit could result in faculty bias and peer ridicule toward him. Id. Plaintiff asserts that Defendant knows his identity, thus will not be prejudiced in their case development by him proceeding anonymously. Id. Plaintiff repeats these arguments as the basis for Emory Student 1 proceeding anonymously.[2] Id. at 5.

The Court acknowledges Plaintiff's concerns regarding his reputation. The Court, however, disagrees that Plaintiff should be allowed to proceed anonymously in this case. The ordinary factors permitting a party to continue under a pseudonym are absent: Plaintiff is not challenging government activity, is not a minor, has not identified any threat of physical violence against him, and

---

[2] The Court primarily focuses on Plaintiff's request to personally proceed anonymously. Rule 10(a) and its progeny do not expressly address non-parties proceeding anonymously (such as Plaintiff requests here for Emory Student 1). See Fed. R. Civ. P. 10(a). Nor is the Court convinced of Plaintiff's ability to assert Emory Student 1's rights in the instant motion. Cf. RenuEn Corp. v. Lameira, No. 614CV1754ORL41TBS, 2015 WL 13650913, at *4 (M.D. Fla. Mar. 17, 2015) ("[Defendant] has not cited any legal authority for the proposition that the identity of a non-party can be concealed. More importantly, [defendant] has not demonstrated standing to bring this motion to protect non-parties. If [the other party] intimidate[s] a non-party, then the non-party must seek protection from the Court."). The Court, however, emphasizes its discussion of protective orders *infra* with specific regard to Emory Student 1.

has not specifically shown his accusations *require* the disclosure of intimate information. Doe v. Neverson, 820 F. App'x 984, 986–87 (11th Cir. 2020).

Plaintiff cites several cases involving student lawsuits against universities arising from disciplinary proceedings. Doc. No. [2], 3. Each case identified, however, involved allegations of sexual harassment or assault. In the two cited cases from the Northern District of Georgia specifically, the basis for sealing the parties' identities was tied to the sensitive nature of the factual allegations. See Jane Doe v. Emory Univ., Inc., No. 1:21-cv-04859-TWT (N.D. Ga.), ECF Nos. [1]; [5] (granting the motion for leave to file under a fictious name "[d]ue to the sensitive nature of the facts of this case" and plaintiff's "concern for her own privacy" in a case involving sexual harassment and assault); John Doe v. Emory Univ., et al., No. 1:13-cv-00912-JEC (N.D. Ga.), ECF. Nos. [8]; [9] (allowing redaction of identifying information in filings pertaining to disciplinary proceedings following allegations of sexual misconduct).

Here, the nature of the charges Plaintiff brings against Defendant, and the underlying factual basis for those charges, is not the same as the sensitive and personal allegations of sexual assault or harassment in these prior cases involving university student disciplinary proceedings. See also, e.g., Neverson,

5

820 F. App'x at 987–88 (discussing circumstances that support allowing a party to proceed anonymously, such as social stigma in religious communities, the potential for harassment in social subgroups, and "cases involving mental illness, homosexuality, and transsexuality"). Nor does Plaintiff assert any other basis that sufficiently outweighs Rule 10's requirement that parties' names be identified and the public's interest in open judicial proceedings. Id. at 986 (indicating that Rule 10 creates a "strong presumption in favor of parties proceeding in their own names[.]").

The Court does not intend for this determination to suggest that all information in this case will or should necessarily be made public. Indeed, there are other ways to protect specific information in litigation. See, e.g., Fed. R. Civ. P. 26(c) (allowing for protective orders for "protect[ing] a party or person from annoyance, embarrassment, oppression, or undue burden or expense" upon a showing of "good cause"). The fact that these other means exist and are—in the Court's view—better suited to address Plaintiff's instant concerns also indicates that Plaintiff proceeding anonymously is not required to achieve the protection he seeks. Thus, the Court makes clear that while it will not allow Plaintiff to proceed anonymously, it will consider any future protective orders regarding

Plaintiff's personal information or Emory Student 1's identity or personal information, as can be supported by the requisite good cause.

## IV.   CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiff's Motion to Proceed Anonymously. Doc. No. [2]. Given the upcoming preliminary injunction hearing, the Court **ORDERS** Plaintiff to file an **amended complaint** that contains a proper caption as contemplated by Rule 10(a), as well as **refile his motion for a preliminary injunction** reflecting the amended complaint within **3-days** of this Order.

The notice of hearing for the originally filed preliminary injunction motion will be carried over to Plaintiff's refiled motion—i.e., this Order does not alter the Court's scheduled hearing on the preliminary injunctive relief sought by Plaintiff. See Doc. No. [12]. Plaintiff is reminded once again that for the Court to even consider issuing a preliminary injunction, Defendant must have proper notice. See Fed. R. Civ. P. 65(a)(1).

IT IS SO ORDERED this ___17th___ day of May, 2024.

_____
HONORABLE STEVE C. JONES
UNITED STATES DISTRICT JUDGE